**The below described is SIGNED.**

**Dated: August 31, 2012**

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>LAWRENCE J. MYLER and<br>JILL R. MYLER,<br><br>Debtors. | Bankruptcy No. 10-31427 JTM<br>Chapter 7 |
| BLACKSTONE FINANCIAL GROUP<br>BUSINESS TRUST, a Utah business trust,<br><br>Plaintiff,<br><br>-vs-<br><br>LAWRENCE J. MYLER and<br>JILL R. MYLER,<br><br>Defendants. | Adversary Proceeding No. 12-2231<br><br>Judge Joel T. Marker |

## MEMORANDUM DECISION

This proceeding concerns a creditor's right to maintain revocation of discharge and nondischargeability claims filed out of time. Under the Bankruptcy Code, a creditor may request revocation of a chapter 7 debtor's discharge within one year after the discharge was granted if the discharge was obtained through fraud and the creditor did not know of the

fraud until after the discharge was granted.[1] Similarly, a creditor may request revocation of a debtor's discharge within the later of one year after the discharge was granted and the date the case was closed if the debtor acquired property of the estate and failed to report the acquisition of the property or deliver the property to the trustee.[2] And under the Bankruptcy Rules governing chapter 7 cases, a creditor has 60 days after the first date set for the meeting of creditors to file a complaint to determine the dischargeability of certain debts, including those incurred through fraud.[3] In the matter at hand, a creditor filed an untimely complaint seeking to revoke the debtors' discharge, or alternatively to obtain a determination that its particular claim was not subject to discharge. The debtors promptly moved to dismiss the complaint as impermissibly late, and the creditor asserted that its claims remained viable under the doctrine of equitable tolling because it did not discover the facts alleged in the complaint until well after the debtors received their discharge.

The Court holds that the deadline to file a complaint to revoke the debtors' discharge under §727(d)(1) and (2)[4] is an essential prerequisite to the proceeding and is not subject to the doctrine of equitable tolling. The Court further finds that the creditor in this proceeding has failed to meet its burden to establish entitlement to the equitable tolling doctrine to excuse the tardy filing of its complaint outside the limitations period afforded by Rule 4007(c).

---

[1] 11 U.S.C. § 727(e)(1).
[2] 11 U.S.C. § 727(e)(2).
[3] FED . R. BANKR. P 4007(c).
[4] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

2

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J), because it involves a determination of the dischargeability of a particular debt and an objection to discharge in the form of a request for revocation of discharge.

## FACTUAL BACKGROUND

Blackstone Financial Group Business Trust ("Blackstone") is the lender of record in a $62 million loan to Midtown Joint Venture, LC ("MJV"). The loan was for the development of a mixed-use commercial and residential real estate project known as "Midtown Village." Lawrence Myler was a principal of MJV and personally guaranteed the loan ("MJV Loan"). The project ultimately failed and MJV defaulted on its obligations to Blackstone's predecessors-in-interest, BankFirst and Marshall Investments Corporation.

Lawrence Myler and his wife, Jill, (the "Mylers") filed a chapter 7 bankruptcy petition on August 20, 2010, and they received their discharge on November 23, 2010. The case was closed on June 21, 2011. On May 30, 2012, Blackstone filed a complaint seeking a determination that its claim against Lawrence Myler was nondischargeable and requesting revocation of the Mylers' discharge. The complaint alleges that Lawrence Myler fraudulently obtained and used MJV Loan proceeds for his personal benefit, that the Mylers failed to disclose assets and transfers, and that they obtained property of the estate that they failed to report or deliver to the bankruptcy trustee. The Mylers filed a motion to dismiss on June 28, 2012.

3

**DISCUSSION**

The Mylers ask the Court to dismiss the adversary proceeding under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012. To support their positions, the Mylers have attached affidavits and other documents to their pleadings. A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted must be treated as a Rule 56 motion for summary judgment if matters outside of the pleadings are presented to and not excluded by the Court.[5] In some instances, however, a court's review of affidavits and other documents in the context of a motion to dismiss under Rule 12(b)(1) does not convert the motion into a motion for summary judgment.[6] The Court finds sufficient information in the pleadings of this case to make its decision without examination of the outside materials. The motion, therefore, will not be converted to a motion for summary judgment and will remain as a motion to dismiss.

**A.     Standard for Motion to Dismiss**

"In reviewing a motion to dismiss, the court must 'look for plausibility in the complaint.'"[7] It is true that courts "must accept 'all well-pleaded allegations of the complaint as true and must construe them in a light most favorable to the plaintiff'";[8] however, a complaint must include sufficient facts to "state a claim for relief that is

---

[5] Fed. R. Civ. P. 12(d); *see also Marty v. Mortgage Electronic Registration Systems*, No. 1:10-CV-003-CW 2010 WL 4117196 (D. Utah Oct. 19, 2010).

[6] *See Marty*, 2010 WL 4117196 at *7; *see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[7] *Yaklich v. Grand County*, 2008 WL 1986470, at *3 (10th Cir. May 7, 2008)(citing *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007)).

[8] *Rosenfield v. HSBC Bank*, 681 F.3d 1172, 1178 (10th Cir. 2012)(quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

plausible on its face."[9] Courts look to the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[10] For the reasons stated below, the Court finds that Blackstone has not met this standard, and dismissal of the complaint is appropriate.

**B.    The Section 727 Claim**

Blackstone requests revocation of the Mylers' discharge pursuant to § 727(d)(1) and (2). Under § 727(d)(1), a court shall revoke a debtor's discharge granted under § 727(a) if the discharge "was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."[11] Revocation of a discharge is appropriate under § 727(d)(2) when a debtor has "acquired property that is property of the estate…and knowingly and fraudulently failed to report the acquisition of…such property to the trustee."[12]

The deadlines for requesting revocation of a discharge under § 727(d)(1) and (2) are set forth in § 727(e). Section 727(e)(1) allows a creditor to seek a revocation of a debtor's discharge under § 727(d)(1) "within one year after such discharge is granted."[13] The Mylers received their discharge on November 23, 2010; therefore, the deadline imposed under § 727(e)(1) was November 23, 2011. Blackstone did not request revocation of the Mylers' discharge until May 30, 2012.

Blackstone also failed to meet the deadline provided in § 727(e)(2), which allows a creditor to seek revocation of a discharge under § 727(d)(2) "before the later of (A) one

---

[9] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[10] *Alvarado*, 493 F.3d at 1215 n.2.
[11] 11 U.S.C. § 727(d)(1).
[12] 11 U.S.C. § 727(d)(2).
[13] 11 U.S.C. § 727(e)(1).

5

year after the granting of such discharge; and (B) the date the case is closed."[14] The deadline for Blackstone to file its request for revocation under § 727(d)(2), therefore, was also November 23, 2011.

Blackstone argues that the deadline imposed by § 727(e)(1) should be equitably tolled. The United States Court of Appeals for the Tenth Circuit has not specifically addressed this issue,[15] but bankruptcy courts in this circuit have joined those in other circuits and refused to apply the doctrine of equitable tolling to § 727(e)(1).[16] The Court agrees that § 727(e)(1) "establishes a concrete time bar for filing actions seeking discharge revocation under § 727(d)(1)."[17] Unlike the claims-processing rules that allow courts to consider equitable exceptions to time restrictions, the time bar set forth in § 727(e)(1) is "not a mere statute of limitations, but an essential prerequisite to the proceeding."[18] It is a statute, not a rule,[19] and the statute is clear on its face; therefore, it should be enforced according to its terms.[20] Due to the untimeliness of Blackstone's complaint and the inflexibility of the time prescriptions laid out in § 727(e)(1), the Mylers' motion to dismiss Blackstone's claim under § 727(d)(1) must be granted.

Blackstone's claim under § 727(d)(2) also falls short because it was untimely. The plain language of § 727(e)(2) makes clear that there is a time limit within which a creditor can request revocation of a discharge. Congress has given no indication that it intended to

---

[14] 11 U.S.C. § 727(e)(2).
[15] *In re Walton*, Adv. No. 10-01571-MER 2012 WL 2357371, at *6 (Bankr. D. Colo. June 13, 2012).
[16] *Id.*
[17] *Id.*
[18] 6 COLLIER ON BANKRUPTCY, ¶ 727.18[1] at 727-80 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).
[19] *See In re Fehrs*, 391 B.R. 53, 67 (Bankr. D. Idaho 2008).
[20] *See In re Miller*, 336 B.R. 408, 413 (Bankr. E.D. Wis. 2005).

6

toll those deadlines.[21] "Reading the doctrine of equitable tolling into § 727(e) extinguishes the time limits within the statute, and appears to upset the decision already made by Congress[.]"[22] Blackstone asserts that it did not discover the alleged fraud until after the Mylers received their discharge.[23] However, this does not persuade the Court to grant the revocation of the discharge because Congress designed the statute to account for circumstances like these.[24] "Application of § 727(d)(2) *always* involves discovering fraud after a debtor has received a discharge and the case has been closed."[25] Nothing alleged in Blackstone's complaint plausibly supports a claim for relief that the time bars of § 727(e) may be tolled and should be tolled under the specific circumstances of this case. Dismissal of the § 727(d)(1) and (2) claims is, therefore, appropriate.

C. **The Section 523 Claim**

Subject to certain limitations, section 523(c) grants a debtor a discharge from a "debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6)…of subsection (a) of this section."[26] Blackstone's complaint asks the Court for a ruling that Lawrence Myler's personal use of MJV Loan proceeds was fraudulent under §

---

[21] *In re Christensen*, 403 B.R. 733, 737 (Bankr. D. Utah 2009).
[22] *Id.* at 736 (citing *In re Abdelmassia*, 362 B.R. 207, 214 (Bankr. D.N.J. 2007)).
[23] *See* Docket No. 1, Complaint, ¶¶ 8, 27.
[24] *Christensen*, 403 B.R. at 736.
[25] *Id.* at 736-37 (emphasis added)(citing *Abdelmassia*, 362 B.R. at 214).
[26] 11 U.S.C. § 523(c)(1).

7

523(a)(2)(A), which excepts from discharge any debt of an individual debtor for money or property obtained by "false pretenses, a false representation, or actual fraud…".[27]

Federal Rule of Bankruptcy Procedure 4007(c) requires that a creditor file its "complaint to determine the dischargeability of a debt under § 523(c)…no later than 60 days after the first date set for the meeting of creditors under § 341(a)."[28] The court may grant an extension of time, on notice and a hearing, if the motion is filed before the time has expired.[29] In the Debtors' bankruptcy case, the first date set for the § 341 meeting of creditors was September 20, 2010. Under Rule 4007(c), Blackstone was required to file its complaint by November 19, 2010, the 60th day after the first date set for the § 341 meeting. Blackstone did not file the complaint until May 30, 2012, which was 558 days after the 60-day deadline.

Blackstone, once again, claims that the doctrine of equitable tolling should apply to the deadline of Rule 4007(c) and that the Court should allow the untimely nondischargeability claim. Unlike the time limits of § 727(e), the bar laid out in Rule 4007(c) is subject to equitable tolling.[30] The doctrine should be applied sparingly, however, and only in a manner which is "consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts."[31]

The crucial question facing the Court is "whether these facts, if taken as true, justify an equitable exception to the normal rule that an untimely adversary proceeding must be

---

[27] 11 U.S.C. § 523(a)(2)(A).
[28] FED. R. BANKR. P. 4007(c).
[29] *Id.*
[30] *In re Maytorena*, Adv. Nos. 11-1079-j, 11-1080-j 2011 WL 5509194, at *6 (Bankr. D.N.M. Nov. 4, 2011).
[31] *In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002), *aff'd on other grounds*; *see also Maytorena*, 2011 WL 5509194, at *7.

8

dismissed if the issue is properly raised by the defendant."[32] Equitable tolling may apply if a plaintiff shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[33] Other factors that have been found relevant in the Tenth Circuit to a determination of whether equitable tolling applies include: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."[34] None of these elements is present in this proceeding.

The plaintiff bears a weighty burden to show that equitable tolling applies.[35] Limitations periods serve basic policies such as "repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities";[36] therefore, any equitable exception to the limitations periods should be "construed strictly in favor of the debtor and consistent with the goal that dischargeability issues are resolved 'promptly and definitively.'"[37] Late discovery of facts supporting a claim, by itself, is not sufficient to justify tolling a time period as "[t]here is nothing unusual about a statute of limitations that commences when the claimant has a complete and present cause of action, whether or not he is aware of it."[38]

Nothing contained in the record or the pleadings supports a finding that Blackstone diligently pursued its rights. Equitable tolling is appropriate when "despite all due

---

[32] *In re Martinsen*, 449 B.R. 917, 921 (Bankr. W.D.Wis. 2011).
[33] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[34] *Maytorena*, 2011 WL 5509194, at *7.
[35] *Id.*
[36] *Young v. United States*, 535 U.S. 43, 49 (2002)(citing *Rotella v. Wood*, 528 U.S. 549, 555 (2000)).
[37] *Martinsen*, 449 B.R. at 924 (citing *Kontrick*, 295 F.3d at 733).
[38] *Young*, 535 U.S. at 47.

diligence, a plaintiff cannot obtain the information necessary to realize that he may possibly have a claim."[39]  Blackstone did not request authority to conduct an examination of the Mylers under Federal Rule of Bankruptcy Procedure 2004 in an attempt to investigate the possibility of claims it may have.[40]  No request was made for an extension of time to confirm whether a claim existed.[41]  "A creditor who simply does not act quickly enough to learn the facts is not entitled to a belated extension of the deadline, because such an exception would quickly consume the rule."[42]

There has also been no showing of extraordinary circumstances that prevented Blackstone from timely filing its objection to discharge.  Blackstone does not argue that notice was insufficient.[43]  A review of the docket in the Mylers' bankruptcy case shows that Blackstone's predecessors-in-interest received adequate notice of the petition and of the deadline for filing complaints under §§ 523 and 727.  Furthermore, Blackstone does not accuse the Mylers of somehow causing the creditor to "sleep on its rights."  Equitable tolling has been permitted in situations "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."[44]  Blackstone has not asserted that there was affirmative misconduct of the Mylers that lulled it into inaction.[45]  In fact, Blackstone's counsel acknowledged at the hearing held on August 7, 2012, that no such affirmative misconduct by the Mylers occurred.

---

[39] *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010)(quoting *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005)).
[40] *Martinsen*, 449 B.R. at 924.
[41] *Id.*
[42] *Id.*
[43] *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).
[44] *Young*, 535 U.S. at 49 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).
[45] *Baldwin County Welcome Center*, 466 U.S. at 151.

In sum, Blackstone has made no showing that the Mylers impeded its ability to timely bring a claim for nondischargeability or that "truly extraordinary circumstances" prevented the trust from filing its claim "despite diligent efforts."[46] The complaint simply states that Blackstone found out too late about the alleged facts supporting its claim. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."[47] Allowing a nondischargeability claim filed 558 days late based only on the allegations in Blackstone's complaint would be unjustly prejudicial to the Mylers. As the "purpose of the deadline is to establish certainty as to the debtor's fresh start,"[48] the Court requires more from a party looking to prosecute an untimely nondischargeability claim. Blackstone has not met its weighty burden to convince the Court that equitable tolling is appropriate in this case.

## CONCLUSION

Blackstone's nondischargeability claim under § 523(a)(2)(A) and its request for revocation of discharge under § 727(d)(1) and (2) were untimely. The fact that Blackstone did not know of its potential claims before the time for filing these claims expired is not sufficient by itself to justify that the time periods be tolled. Equitable tolling of the § 727(e) deadlines is not proper, and Blackstone has not carried its burden of persuading the Court that the doctrine should apply to its § 523(a)(2)(A) claim either.

Accordingly, the Mylers' motion to dismiss is GRANTED, and this adversary proceeding is DISMISSED. A separate order will be issued in accordance with this Memorandum Decision.

---

[46] *See Clementson v. Countrywide Financial Corporation*, 464 Fed.Appx. 706 (10th Cir. 2012).
[47] *Baldwin County Welcome Center*, 466 U.S. at 151.
[48] *Martinsen*, 449 B.R. at 921.

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Sean A. Monson
Jared L. Inouye
Bennett Tueller Johnson & Deere
3165 E. Millrock Dr., Suite 500
Salt Lake City, UT 84109
 *Counsel for Plaintiff*

Mark F. Robinson
Morgan Fife
Robinson, Seiler & Anderson
2500 North University
P.O. Box 1266
Provo, UT 84603-1266
 *Counsel for Debtor-Defendants*

Lawrence J. Myer
Jill R. Myler
115 West Westview Drive
Orem, UT 84058
 *Debtor-Defendants*